UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric Hodgson, | No. 2:20-cv-00650-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Randle Roper, et al., | |
| Defendants. | |

In a previous order, this court dismissed Eric Hodgson's second amended complaint without leave to amend and granted the defendants' motion for sanctions against Hodgson and his attorney, Thomas Barth. Prev. Order (Feb. 1, 2022), ECF No. 42. Hodgson and Barth now move for reconsideration of the sanctions order. *See generally* Mot., ECF No. 43. The defendants oppose the motion, *see generally* Opp'n, ECF No. 45, and Hodgson replied, *see generally* Reply, ECF No. 49. The court submitted the matter without oral arguments. Min. Order, ECF No. 47.

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis omitted) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). "Thus, the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous

1

disposition was clearly erroneous and would work a manifest injustice." *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995).  Under this court's local rules, any request to reconsider must explain "what new or different facts or circumstances are claimed to exist which did not exist or were not shown . . . or what other grounds exist for the motion" and "why the facts or circumstances were not shown." E.D. Cal. L.R. 230(j)(3)–(4).

**1. Whether the Forged Court Orders Were Relevant.**  The court sanctioned Hodgson in part because he had forged two state court orders in an effort to persuade the defendants to hire him, to engage him as an independent contractor, and to make him a member of their startup company.  *See* Prev. Order at 15–19, 23.  The forgeries went undiscovered until after Hodgson became a member of the company, after he was removed from the company's membership, after he filed this lawsuit to challenge that removal, and after he amended his complaint twice in response to motions to dismiss.  *See id.* at 17–18, 23.  It was only after the defendants confronted him with the forgery itself Hodgson admitted what he had done, but even then he accused one of the defendants of masterminding the forgery.  *Id.*  Hodgson now asks the court to reconsider its decision that this behavior was worthy of monetary sanctions.  He argues it is unclear how heavily the defendants actually relied on the forged letters.  *See* Mot. at 6–7.  He emphasizes that the court did not find, in its previous order, that his legal position was frivolous or that his only purpose in filing this action was to harass and embarrass the defendants.  *See id.* at 7; *see also* Prev. Order at 22.  He does not cite new evidence or new law.  Nor has he shown that the court's previous order was clearly erroneous or would work a manifest injustice.  Monetary sanctions are necessary to remedy Hodgson's abusive and deceptive behavior and to prevent similar abuses in the future.

**2. When the Orders Were Forged.**  Hodgson next argues the court's previous order relies on the misperception that he forged the two court orders while he was incarcerated.  Mot. at 7–8, 9–10.  The court did not find in its previous order that Hodgson had forged the orders while he was incarcerated.  The court rejected his claim that one of the defendants had conceived of the forgery scheme because Hodgson had been referring to exonerating court orders for some time.  *See* Prev. Order at 15–16, 23–24.

**3. Whether Hodgson's Declarations Contradict the Complaint.**  Barth asks the court to reconsider its conclusion that Hodgson's theory of the forgery contradicted the fundamental theory of his complaint.  *See* Mot. at 9.  Hodgson told Barth two things:

(a) Defendant Roper wanted so much to prevent his cofounders from rejecting Hodgson that Roper was willing to fabricate evidence to support Hodgson's false claims about his conviction.

(b) From the beginning, none of the defendants—not even Roper—intended for Hodgson to reap the rewards of full membership in the company.

*See* Prev. Order at 23.  The court concluded in its previous order that Barth did not reconcile that stark inconsistency before he advanced Hodgson's theory of defendant Roper's fraud, as required by Rule 11.  *See id.*  Barth has not identified new evidence or authority to rebut this conclusion, and he has not shown it was clear error or would work a manifest injustice.

**4. Whether Barth Advanced Claims in Bad Faith.**  Barth asks the court to reconsider its conclusion that he multiplied these proceedings in bad faith by claiming without evidence that defendant Roper had publicized embarrassing allegations about himself in the hope Hodgson would take the blame.  *See* Mot. at 11.  He cites no new evidence or law and identifies no error or manifest injustice.  He argues he did not intend to multiply the proceedings, but rather only to respond to the defendants' accusation that Hodgson had circulated the embarrassing allegations.  *See id.*  His reassurances of his innocent intentions after the fact do not show error or manifest injustice.

**5. Whether Barth's Firm Should be Excluded from Sanctions.**  Finally, Barth asks the court to reconsider its decision to impose sanctions jointly on his firm.  Mot. at 12.  "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."  Fed. R. Civ. P. 11(c)(1).  "Since [a sanctions motion] may be filed only if the offending paper is not withdrawn or corrected within 21 days after service of the motion, it is appropriate that the law firm ordinarily be viewed as jointly responsible under established principles of agency."  Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendments.  Barth argues the only other partner of his firm "had no involvement in this case."

Mot. at 12. He does not cite authority to suggest this fact qualifies as "exceptional circumstances" under the terms of Rule 11.

The motion for reconsideration (ECF No. 43) is **denied**.

IT IS SO ORDERED.

DATED: June 13, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE